```
                    FILED
              07 AUG 20 PM 12:40
          CLERK, U.S. DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA

        BY:                    DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. OWENS,<br>CDCR #F-34572,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN HERNANDEZ, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　07-1092 JAH (WMc)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO**<br>**28 U.S.C. § 1915(a)**<br><br>[Doc. No. 2] |

　　　　Plaintiff, Michael R. Owens, a state inmate currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.

　　　　Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.　MOTION TO PROCEED IFP**

　　　　Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to

pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 2007 WL 1815499 (9th Cir. June 26, 2007), *as amended*, 2007 WL 1932824 at *3, ___ F.3d ___ (9th Cir. July 5, 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002). Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

////

## II. CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

(2) This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP pursuant to 28 U.S.C. § 1915(a).

(3) Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to either: (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, together with a certified copy of his prison trust account statement within 45 days, this action shall remained closed without further Order of the Court.

DATED: 8-16-07

HON. JOHN A. HOUSTON
United States District Judge